UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELODY S.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C20-5948-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

      Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found bipolar disorder, depression and obesity are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with other physical, environmental, and mental limitations; and that Plaintiff cannot perform past relevant work but is not disabled because she can perform other work in the national economy. Tr. 38-51.

      Plaintiff contends the Court should remand the case for further proceedings because the post-hearing opinion of Terilee Wingate, Ph.D. undermines the ALJ's decision, the ALJ failed to explain his departure from the opinions of the State Agency Psychologists, and failed to resolved inconsistencies between the vocational expert's (VE) testimony and the Dictionary of Occupational Title (DOT).

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

The ALJ found "persuasive" the State Agency Psychologists' opinions that Plaintiff has the "mental residual functional capacity to understand and carry out 3-step commands involving simple instructions." Tr. 48.  Plaintiff contends, and the Court agrees, the ALJ should have but harmfully failed to explain why the 3-step limitation was not included in the RFC determination or in the hypothetical questions posed to the VE.  The Commissioner defends the ALJ arguing it is the ALJ's prerogative to resolve ambiguities contained in medical opinions. But because the Court reviews the ALJ's decision based upon the grounds upon which the action is based, the ALJ is required to explain his or her reasoning. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090 1102 (9th Cir. 2014). The ALJ failed to do so and thus harmfully erred.

The parties also spar over whether the ALJ's treatment of the State Agency opinions is harmful or harmless. But the factual determination of whether Plaintiff can perform the jobs discussed at step-five, assuming she has a 3-step limitation, is one which should have been made at the agency level, not on appeal in the first instance.

The Court accordingly concludes the ALJ harmfully erred by failing to explain why the 3-step limitation was not included in the RFC determination or the hypothetical questions presented to the VE. Because this error requires the reversal of the ALJ's decision and remand for further proceedings the Court need not resolve the other errors assigned by Plaintiff, and **ORDERS:**

The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of the State Agency Doctors, Eugene Kester, M.D., and Vincent Gollogly, Ph.D. with respect to the 3-step limitation; consider the post-hearing opinion of Terilee Wingate, Ph.D., develop the record and redetermine Plaintiff's RFC as needed; and proceed to the remaining steps as appropriate.

DATED this 21st day of April 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge